UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EX PARTE              )(

PEDRO BRIITO-VALLADARES  )(  No. _____

                  )(

Petitioner           )(

## PETITION FOR WRIT OF HABEAS CORPUS

TO THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

The petition of PEDRO BRIITO-VALLADARESshows:

1. Petitioner makes this application for a ***writ of habeas corpus*** on the grounds that he is unlawfully detained and restrained of his liberty by the United States of America, the Department of Justice, and the United States Marshals.

2. Petitioner is now in the custody of the respondents at Willacy County Jail in Raymondville, Texas.

3. The cause or pretext of petitioner's detention and restraint is that he is being held as a material witness in the criminal action of United States of American v. Roberto Rocha-Munoz, Cause No. B-19-377-02.

1

4. This detention and restraint is unlawful because, following 18 U.S.C. 3144, petitioner has already been deposed as a material witness in criminal case  United States of America  v. Roberto Rocha-Munoz, Cause No.  B-19-00377.  Additionally, contrary to this court's standing order, Petitioner is now being held beyond the 45 days which this court has set as a reasonable time to prepare for and to take depositions pursuant to 18 U.S.C. 3144. The detention beyond 45 days, and the detention after depositions, is  contrary to the standing order of this Court, filed in response to a class action law suit in C.V. B-88-012, issued July 15, 188.  See Exhibit A. The July 15, 1988 order  specifies that the provisions of 18 U.S.C. 3144, witnesses may be detained "for a reasonable period of time" until the witness' deposition can be taken pursuant to Rule 15 of the Federal Rules of Criminal Procedure.   The July 15, 1988 order also states that once the depositions are completed that the witness "be discharged". Those depositions have been completed, but petitioner has not been released to the immigration service so that he may be processed for deportation. Once the deposition is taken, the government has no authority to further detain the individual.

The government has made known to  petitioner, through counsel, that it will not file any request to release petitioner and will hold him until trial, at which time he is expected to testify.  However, section 18 USC 3144 does not allow for the

2

continued, oppressive incarceration of a witness to secure testimony. Once the depositions have been taken, the power of the government to hold the witness is extinguished. While it has been the practice for the Court to release witnesses only upon request by the Government, that practice is not consistent with the July 15, 1988 order, nor with 18 U.S.C. 3144.  The power to hold the witness against his or her will ends with the taking of the deposition. The power to hold the witness beyond 45 days requires Court approval, but in no case does the Court itself have the power to order that a witness be held contrary to 18 U.S.C. 3144. The depositions are taken. This witness, following 18 U.S.C. 3144, is now being held illegally.  Petitioner demands that this court release him from its arrest order (See Exhibit B) so that he may be processed for deportation so that he may return to his home where he has loved ones who are concerned for his welfare.

5. Petitioner has no other remedy for release from unlawful detention other than this petition for a ***writ of habeas corpus***. This is true because petitioner's testimony has been taken by deposition, following Section 18 U.S.C. 3144. Had the deposition not yet taken place, petitioner acknowledges it is his duty to insist that his deposition take place.  It has taken place.  Additionally, Petitioner is unable to meet the conditions for bond, nor to pay bond, as Petitioner has no legal status to remain in the United States, nor does he have any money to pay any bond. Petitioner's challenge

3

to his incarceration based on his status as a material witnesses rests solely in the great writ, which he herein files.

6. No other applications for a ***writ of habeas corpus*** have previously been made to any other court or judge.

## Prayer

For the reasons just stated, petitioner prays that:

A. This court issue a ***writ of habeas corpus*** commanding the United States Marshall service to produce the body of the petitioner, PEDRO BRIITO-VALLADARES, before this court at a time and place to be specified in that ***writ***;

B. This court conduct a hearing and inquiry into the cause of the petitioner's detention; and

C. Following the hearing, petitioner be ordered discharged from the detention and restraint described in this application.

Dated this 3rd Day of June, 2019.

By /s/Philip T. Cowen
Philip T. Cowen
Law Office of Philip Cowen
500 E.  Levee St.
Brownsville, Texas 78520
State Bar No. 24001933
Fed ID 21717
Tel. 956-541-6031

4

Fax 956-541-6872
email: ptchb@att.net
Attorney  for PEDRO BRIITO-VALLADARES

Prisoner's Affidavit and Verification

1. My name is PEDRO BRIITO-VALLADARES. I am the petitioner in this action. I am currently incarcerated in the Willacy County Jail.  I swear under penalty of perjury that what I state below is true and correct.

2. I have read the petition and every statement in it is true and correct within my personal knowledge.

3. I have no money to pay bond. I have no legal status to remain in the United States such that I could qualify for bail under the special conditions of the court for my release, set on April 3, 2019.

I signed this Verification on June 2, 2019 at the Willacy County Jail.

_____
PEDRO BRIITO-VALLADARES

Witness _____ Antonio Olivarez III

Witness _____

6

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EX PARTE                                    )(
PEDRO BRITO-VALLADARES,        )(              NO. _____
                                            )(
PETITIONER                                  )(

TO THE UNITED STATES MARSHAL SERVICE:
TO THE UNITED STATES ATTORNEY GENERAL
WILLIAM BARR OR HIS DESIGNEE:

Based on the Petition for Writ of Habeas Corpus and the papers submitted in

support of the Petition,

IT IS ORDERED that you must appear and show cause before this court,

located at 600 E. Harrison St. in Brownsville, Texas , in Courtroom

_____, on _____ at

_____ and then and there show cause why a writ of habeas

corpus should not issue for the relief prayed for in the Petition.

IT IS FURTHER ORDERED that service of this Order to Show Cause, the

Verified Petition for a Writ of Habeas Corpus, and all documents supporting the

Petition that have previously been filed with the court on by electronic filing

through the Courts ECF filing system  will be sufficient service.

Signed this _____ Day of June, 2019

_____
UNITED STATES DISTRICT JUDGE

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EX PARTE                              )(
PEDRO BRITO-VALLADARES,     )(     NO. _____
                                      )(
PETITIONER                            )(

ORDER ON PETITION
FOR A WRIT OF HABEAS CORPUS

The petitioner, PEDRO BRITO-VALLADARES, , filed a verified petition

in this court on June 3, 2019 for a writ of habeas corpus. The court issued an

initial writ to respondents, The United States Marshal Service and the Attorney

General of the United States, William Barr, or his Designee, , who made a return

to the petition on _____. On _____, the court held a

hearing on the petition.

Having considered the evidence presented and the arguments of counsel, the

court filed its opinion and findings on _____. In summary, it appears to the

court that  PEDRO BRITO-VALLADARES,  is being unlawfully detained by the

respondent and that this court has the jurisdiction to remedy this illegal and

unlawful detention by means of a writ of habeas corpus. Therefore,


IT IS THEREFORE ORDERED THAT:

1. The petition is GRANTED;

2. The clerk will issue a writ of habeas corpus commanding respondents to release

and discharge PEDRO BRITO-VALLADARES, from custody of the United

States Marshal Service.

Signed this _____ day of June, 2019

_____
UNITED STATES DISTRICT JUDGE

EXHIBIT A

25

CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
F I L E D

JUL 15 1988

JESSE E. CLARK, CLERK
BY DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| J. JESUS FAUSTINO AGUILAR-AYALA, ROSALIO LUNA-ZAVALA, ERNESTO CANTU-LUCERO, ALVARO CANTU-RIOS, GAMALIEL PEREZ-SAVEDRA, EDGAR ODILIO DE LEON-LOPEZ, HECTOR INES PENA-ALVARADO, EDITH CONSUELO GRISALES-CASTANO, and CLAUDIA MARIA ANGELICA GOMEZ, on their own behalf and on behalf of all others similarly situated §§§§§§§§§§§§ | |
| VS. §§§ | C. A. NO. B-88-012 |
| CECILIO RUIZ, Supervisory Detention Officer of the U.S. Immigration and Naturalization Service; OMER SEWELL, District Director of the U.S. Immigration and Naruralization Service; B.S. BAKER, United States Marshal; EDWIN MEESE, Attorney General of the United States; HENRY ONCKEN, United States Attorney for the Southern District of Texas §§§§§§§§§§§§§ | |

O R D E R

On this the 15th day of July, 1988 came to be considered the
issues raised by the Plaintiffs in this class action habeas cor-
pus petition.  The Court has reviewed the pleadings and has fully
considered the law applicable to the detention of material wit-
nesses.  The Court has also carefully considered the peculiar
factual circumstances of the detention of material witnesses in
this Division, where such witnesses are typically undocumented
aliens who are rarely able to meet the conditions of their
release.

TRUE COPY I CERTIFY
ATTEST:
DAVID J. BRADLEY, Clerk of Court
By _____
Deputy Clerk

001213

Section 3144 of Title 18 of the United States Code provides that material witnesses who cannot meet the conditions of their release be detained only if (1) their testimony cannot be adequately secured by deposition, and (2) a failure of justice would result from releasing the witness from custody after his or her deposition has been taken. The statute additionally provides that such witnesses may be detained "for a reasonable period of time" until the witness' deposition can be taken pursuant to Rule 15 of the Federal Rules of Criminal Procedure. Rule 15 provides that upon written notice of a material witness and upon notice to the parties, the Court may direct that his or her deposition be taken, and after the deposition is subscribed, that the witness be discharged.

Recognizing the need for a comprehensive plan governing the disposition of material witnesses in the Brownsville Division, and in order to effectuate the terms and purposes of 18 U.S.C. § 3144, the Court hereby enters the following Order:

1) IT IS HEREBY ORDERED that the United States Attorney shall furnish twice monthly to this Court, pursuant to Rule 46(g), Fed. R. Crim. P., a list of individuals incarcerated as material witnesses. The list shall contain the name of the defendant and the cause number, the name of the material witness, and the date his incarceration began.

2) Counsel who are appointed to represent material witnesses pursuant to 18 U.S.C. 3006A(a)(1)(B), shall promptly attempt to secure the release of such individuals either by bond pending trial or otherwise pursuant to 18 U.S.C. § 3142 or by

-2-

securing their testimony for trial by deposition.  Failure of
counsel to do so shall preclude compensation for services ren-
dered.

3)  A motion to take the deposition of a material witness
can be filed by the witness, the defendant, or the United States
Attorney.  Said motion shall be referred to and disposed of by
the United States Magistrate who is the duty magistrate in this
Division on the day the motion is filed.  The deposition shall be
conducted within ten (10) days of the Magistrate's Order
requiring it.

4)  The deposition shall be recorded either stenographically
or by videotape, or both.  Unless all parties waive signature by
the witness of the deposition, the court reporter shall prepare
the transcript and deliver to the witness for his or her review
as soon as possible, in any event no later than five (5) days
after the date the deposition is taken.  Once the deposition is
subscribed, or if the signing is waived, the witness must be
released within twenty-four (24) hours thereafter.

5)  The duty Magistrate's Deputy Clerk shall be responsible
for notifying all parties, including the United States Marshal
and an interpreter, if necessary, of the deposition and for
arranging the recording services.  It is not necessary for the
Magistrate to preside over the taking of the depositions as
rulings on objections to testimony shall be made by this Court at
time of trial.

6)  If the material witness or the defendant is the moving
party, the deposition costs shall be paid by the witness or the

000215

defendant, respectively, if he has retained counsel.  In all other cases, deposition costs shall be paid by the United States Attorney.

7)   No objection to the use of the deposition procedure in lieu of retention in custody of material witnesses for trial shall be entertained absent conclusive proof that the release of the witness, in a particular case, would result in a failure of justice.  If such an objection is made by any party, it shall be in writing detailing the reasons why a failure of justice would result in that particular case.  Said objection shall be presented to the United States Magistrate and heard by him before the taking of the deposition of that particular material witness.

8)   The deposition procedure must be pursued unless further detention is necessary to prevent what is conclusively proven to be a failure of justice.  A decision by the Magistrate to retain a material witness in custody pending trial is reviewable by this Court upon written motion by the witness.  Similarly, a decision by the Magistrate denying an objection to the deposition procedure by any party is reviewable by this Court upon written motion.

9)   In the absence of a District Court ruling that further detention is necessary, any material witness in custody shall be released by the Attorney General of the United States after forty-five (45) days of incarceration, without further notice to the parties.  This Court will monitor the list of material witnesses to assure no one is retained in custody for more than forty-five (45) days.

000216

It is so ORDERED.

DONE at Brownsville, Texas this _____15th_____ day of July, 1988.


FILEMON B. VELA
United States District Judge

000217

EXHIBIT B

Case 1:19-cr-00377   Document 2   Filed on 04/03/19 in TXSD   Page 1 of 1

U.S Department of Justice

*United States Attorney*

United States District Court
Southern District of Texas

FILED

APR 3 2019

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT of TEXAS

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) MAGISTRATE'S NO. B-19-mJ-428 |
| Roberto ROCHA-MunozLaura Samantha | ) |
| RODRIGUEZ-Marquez | ) DISTRICT CT. NO. _____ |
| | ) |

## A F F I D A V I T

On this date appeared before the Court the following Agent, who, after being duly sworn, deposed and said:
In the captioned case,

1. Carlos Orlando COLINDRES-Hernandez        3. Jimmy SUJUY-Sanchez

2. Pedro BRITO-Valladaras                               4.

(is)are material witness(es) for the prosecution at the trial of the above-named defendant(s) who (is)are charged
with violation of certain federal laws. The witness(es) are citizens of  (1) Mexico, (1) Honduras, (1) Guatemala,
illegally within the United States. Should they be left to their own devices and return home, they are not subject to
extradition, and it will be impracticable to secure their presence at such time as the case is called for trial.

Javier G. Sandoval
HSi Task Force Officer

SUBSCRIBED and sworn to before me this ___3___ day of _____April_____, 2019 .

Ronald G. Morgan
UNITED STATES MAGISTRATE JUDGE

In view of the above affidavit, it is requested of the United States Magistrate that the witness(es) named in
the affidavit be required to make bail in such amount as the United States Magistrate should see fit to assure their
presence at the trial, and should they be unable to make such bond, that they be committed to the custody of the
United States Marshal pending final disposition of the criminal case, as provided by Rule 46(b) of the Federal
Rules of Criminal Procedure.

It is ORDERED on this ___3___ day of _____April_____, 2019 , that the above witness(es) who
were this date brought before me be committed to the custody of the United States Marshal pending final
disposition of the above captioned case, in lieu of bail in the sum of $ 5,000 with 20% Deposit.

Ronald G. Morgan
UNITED STATES MAGISTRATE JUDGE

WDT-CR-5(1)